MORGAN, LEWIS & BOCKIUS LLP
ERIC MECKLEY (SBN 168181)
emeckley@morganlewis.com
THERESA MAK (SBN 211435)
tmak@morganlewis.com
SACHA M. STEENHOEK (SBN 253743)
ssteenhoek@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Telephone:     415.442.1000
Facsimile:     415.442.1001

RICHARD G. ROSENBLATT, *pro hac vice forthcoming*
rrosenblatt@morganlewis.com
JOSEPH A. NUCCIO, *pro hac vice forthcoming*
jnuccio@morganlewis.com
502 Carnegie Center
Princeton, NJ 08540-6241
Telephone:     609.919.6600
Facsimile:     609.919.6701

Attorneys for Defendants
AMAZON.COM, INC.
GOLDEN STATE FC, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PARSON and BRANDON MITCHELL, individually, and on behalf of all those similarly situated, and MARIAH GULLAT as an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> GOLDEN STATE FC LLC, AMAZON.COM, INC., TRUEBLUE INC., SMX, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. _____ <br><br> **NOTICE OF REMOVAL OF ACTION** |

1    **TO THE CLERK OF THE NORTHERN DISTRICT OF CALIFORNIA AND**

2    **PLAINTIFFS AND THEIR COUNSEL OF RECORD:**

3           PLEASE TAKE NOTICE THAT Defendants Amazon.com, Inc. and Golden State FC

4    LLC (collectively "Amazon"), by and through their counsel, remove the above-entitled action to

5    this Court from the Superior Court of the State of California, County of Alameda pursuant to 28

6    U.S.C. §§ 1331, 1441, and 1446.  This removal is based on the following grounds:

7    **I.      PROCEDURAL BACKGROUND**

8           On December 22, 2015, Plaintiffs David Parson, Brandon Mitchell and Mariah Gullat

9    ("Plaintiffs") filed an unverified putative class action complaint for damages in the Superior

10   Court of the State of California, County of Alameda, entitled *David Parson and Brandon*

11   *Mitchell, individually, and on behalf of all those similarly situated, and Mariah Gullat as an*

12   *individual v. Golden State FC LLC, Amazon.com, Inc., Trueblue Inc., SMX, and DOES 1 through*

13   *25, inclusive*, Case No. RG15797524 (the "Complaint").

14          On December 23, 2015, Plaintiffs served copies of the Complaint and the Summons and

15   Civil Cover Sheet on the registered agent for Golden State FC, LLC.  On January 11, 2015,

16   Plaintiffs served copies of the Complaint and the Summons and Civil Cover Sheet on the

17   registered agent for Amazon.com, Inc.  A copy of Plaintiffs' Complaint, Summons, and Civil

18   Cover Sheet are attached hereto as **Exhibit A**.  On January 21, 2016, Defendants Trueblue, Inc.

19   and SMX, LLC filed an Answer to Plaintiffs' Complaint.  A copy of Trueblue and SMX's

20   Answer is attached hereto as **Exhibit B**.  Exhibits A and B constitute all the pleadings, process,

21   and orders served upon Amazon in the Superior Court action.

22          Plaintiffs Parsons and Mitchell seek to represent the following class:

23              All current and past employees of Golden State FC, Amazon,
                TrueBlue, SMX, DOES, and each of them who have worked one or
24              more shifts of more than three and one half hours at an Amazon
                Fulfillment Center in California as a warehouse associate, picker,
25              unloader, packer, or substantially similar position within the past
                four years of the date of filing of this Complaint.
26
     Exh. A ¶ 27.
27
            Plaintiffs Parson and Mitchell also seek to represent three subclasses:
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

(1)  Former employees of Golden State FC and/or Amazon, who are entitled to additional relief of payments for waiting time penalties after termination.

(2) Existing employees of any defendant, who are entitled to additional relief of injunctive relief.

(3) Existing or former employees of any defendant, who are entitled to restitution and/or damages of unpaid wages arising from violation of rest break rules as alleged herein.

*Id.*

Plaintiffs allege the following violations in five causes of action against Amazon:

(1) unlawful denial of rest breaks (Exh. A ¶¶ 35-41); (2) failure to timely pay wages (*id.* ¶¶ 42-45); (3) failure to provide accurate pay stubs (*id.* ¶¶ 46-49); (4) unfair business practices (*id.* ¶¶ 50-57); and (5) failure to timely pay wages – waiting time penalties (*id.* ¶¶ 58-61).

## II.    REMOVAL IS TIMELY

Plaintiffs served the registered agent for Golden State on December 23, 2015, and the registered agent for Amazon on January 11, 2016.  Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint on Golden State, it is timely under 28 U.S.C. §§ 1446(b) and 1453.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).  No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III.   THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

Plaintiffs bring this action as a putative class action under California Code Civ. Proc. § 382.[1]  Exh. A ¶ 29.  Removal based upon CAFA diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because (i) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (ii) the aggregate number of putative class members in all proposed plaintiff classes is 100 or greater; and (iii) diversity of citizenship exists between one or more Plaintiffs and one or more Defendants.  28 U.S.C.

---

[1] Amazon does not concede, and reserves the right to contest at the appropriate time, Plaintiffs' allegations that this action can properly proceed as a class action and/or representative action. Amazon further does not concede that any of Plaintiffs' allegations constitute a cause of action against it under applicable California law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

§§ 1332(d)(2) & (d)(5)(B), 1453.  Although Amazon denies Plaintiffs' factual allegations and denies that Plaintiffs or the classes they purport to represent are entitled to the relief requested, based on Plaintiffs' allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met in this case.  Accordingly, diversity of citizenship exists under CAFA, and this Court has original jurisdiction over this action per 28 U.S.C. § 1332(d)(2).

### A.      There Is More Than $5,000,000 At Issue.

Where a pleading alleges an amount in controversy greater than the jurisdictional amount ($5 million), then the amount in controversy is presumptively satisfied.  *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938) (stating that "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").  Here, Plaintiffs' complaint alleges that there is more than $5,000,000 at issue in this case; specifically, the complaint states that Plaintiffs "set forth a prayer of not more than $30,000,000 (thirty million US dollars) understanding this amount be arrived at purely for reservation of rights for these purposes and is subject to change, including increase, during litigation of this matter.  Such damages pled are exclusive of costs and attorney fees." Exh. A., Prayer for Relief, ¶ 5.  Plaintiffs' Prayer in excess of $5,000,000 is, alone, sufficient to meet the jurisdictional threshold under CAFA.  While Amazon denies Plaintiffs' factual allegations and denies that Plaintiffs or the classes they purport to represent are entitled to the relief for which they have prayed, Amazon believes that Plaintiffs' allegations and prayer for relief were made in good faith, and it does not appear to a legal certainty that their claim is less than the jurisdictional minimum.

Even if Plaintiffs had not prayed for an amount more than $5,000,000, federal jurisdiction under CAFA is proper here because Amazon has established that the amount in controversy exceeds $5,000,000.  Amazon's burden to establish the amount in controversy is the preponderance of the evidence standard.  *Dart Cherokee Basin Operating Company, LLC v. Owens,* 135 S. Ct. 547 (2014); *Rodriguez v. AT&T Mobility Servs.*, 728 F.3d 975, 981-82 (9th Cir. 2013).  "Said burden is not 'daunting,' as courts recognize that under this standard, a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

1   damages.'" *Korn v. Polo Ralph Lauren Corp.,* 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal 2008).

2   The ultimate inquiry is what amount is put "in controversy" by the plaintiffs' complaint, not what

3   a defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D.

4   Cal. 2005); *Scherer v. Equitable Life Assurance Society of the United States*, 347 F.3d 394, 397-

5   99 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is

6   considered when determining the amount in controversy; rather, it is the amount put in

7   controversy by the plaintiff's complaint).  A removing party seeking to invoke CAFA jurisdiction

8   "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional

9   threshold." *Dart*, 135 S. Ct. at 554.  "If a federal court is uncertain about whether 'all matters in

10  controversy' in a purported class action 'do not in the aggregate exceed the sum or value of

11  $5,000,000,' the court should err in favor of exercising jurisdiction over the case."  Senate

12  Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

13      As detailed below, here Amazon has established by a preponderance of the evidence that

14  the amount in controversy exceeds $5 million and the Court has jurisdiction pursuant to CAFA.

15  *Behrazfar v. Unisys Corp.*, 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009) (finding in purported

16  wage and hour class action that defendant established the amount in controversy by a

17  preponderance of the evidence where defendant's calculations were "relatively conservative" and

18  based on plaintiff's statements).  Reasonable estimates may be calculated by "presenting

19  evidence" of the number of putative class members or class claims.  *Korn*, 536 F. Supp. 2d at

20  1206 (denying plaintiff's motion for remand).  The number of putative class member claims can

21  then be multiplied by the damages alleged per claim to determine the amount in controversy.  *Id.*

22      In *Korn*, for example, plaintiff brought a class action alleging violations of California

23  Civil Code section 1747.08, which carries a maximum civil penalty of $1,000 per claim.  To

24  establish the $5 million amount in controversy for CAFA jurisdiction purposes, defendant offered

25  evidence that more than 5,000 potential claims (credit card transactions) took place during the

26  class period.  The court found this sufficient to prove, by a preponderance of the evidence, that

27  the amount in controversy under CAFA was met by multiplying the number of claims by the

28  statutory penalty.  *Id.*  In addressing defendant's evidentiary burden, the district court held,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

"defendant need only demonstrate that there are at least 5,001 putative class claims." *Id.* Because the 5,001 putative class claims multiplied by the $1,000 statutory penalty resulted in an amount in controversy greater than $5 million, the district court found the amount in controversy satisfied, and denied plaintiff's motion to remand.  As discussed below, when the claims of the putative class members in the present case are aggregated their claims put into controversy well over $5 million in potential damages.  28 U.S.C. § 1332(d)(2).

Although Amazon denies Plaintiffs' factual allegations and denies that they or the classes they seek to represent are entitled to the relief for which they have prayed, Plaintiffs' allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[2]

### 1.  **Evidence Demonstrating Amount In Controversy.**

Plaintiffs allege that Amazon did not provide *any* accurate paystubs to Plaintiffs or those similarly situated employees during the relevant statute of limitations period which, under California Code of Civil Procedure section 340, is one year preceding the filing of their Complaint. Exh. A ¶ 47.  Between December 22, 2014 and January 14, 2016 (the last available date of the relevant data), Amazon employed at least 22,107 putative class members in California. Declaration of Peter Nickerson ("Nickerson Decl.") ¶ 5.  Amazon pays wages to non-exempt hourly California employees on a bi-weekly basis, for a total of 26 pay periods per year.  *Id.* at ¶

---

[2] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiffs' Complaint.  Amazon's references to specific damage amounts and its citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum.  Amazon maintains that each of Plaintiffs' claims is without merit and that Amazon is not liable to Plaintiffs or any putative class member.  In addition, Amazon denies that liability or damages can be established on a class wide basis.  No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiffs will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise.  "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

1    4.  During that period, putative class members received approximately 323,248 wage statements.

2    *Id.* at ¶ 6.

3              a.       **Plaintiffs' Third Cause Of Action For Failing To Provide**
                        **Accurate Wage Statements Places Approximately $31,219,450**
4                       **In Controversy.**

5              In their Third Cause of Action, Plaintiffs seek statutory penalties against Amazon for

6    allegedly failing to provide "*any* accurate paystubs to Plaintiffs or those similarly situated *at any*

7    *time* during the relevant statute of limitations because they did not acknowledge or otherwise list

8    the additional wages owed on account of violating the rest break rules . . ." in accordance with

9    Labor Code § 226(a) and applicable IWC Wage Orders.  Exh. A ¶ 47.  Labor Code § 226(e)(1)

10   provides that "[a]n employee suffering injury as a result of a knowing and intentional failure by

11   an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages

12   or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars

13   ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate

14   penalty of four thousand dollars ($4,000) . . . ."

15             Amazon employed at least 22,107 putative class members during the period between

16   December 22, 2014 and January 14, 2016.  Nickerson Decl. ¶ 5.  During that time period, those

17   22,107 employees received 323,248 paychecks.  *Id.* ¶ 6.  Assuming a violation each pay period,

18   as alleged in the Complaint, the amount of penalties for the first wage statement violation is

19   $1,105,350 (22,107 paychecks * $50 = $1,105,350).  Again assuming a violation each pay period,

20   as alleged in the Complaint, the amount of penalties for subsequent violations totals:  $30,114,100

21   (301,141 paychecks * $100 = $30,114,100).  Accordingly, Plaintiffs' claim for statutory wage

22   statement penalties alone places $31,219,450 in controversy.

23             b.       **Plaintiffs' First Cause of Action for Missed Rest Periods**
                        **Significantly Increases the Amount in Controversy.**
24

25             In their First Cause of Action, Plaintiffs allege Defendants "failed to provide Plaintiffs and

26   all those similarly situated the Net 10 Minute rest break required on *each and every day* that each

27   such employee worked."  Exh. A. ¶ 37.  Per Labor Code § 226.7, "[i]f an employer fails to

28   provide an employee a . . . rest period . . . the employer shall pay the employee one additional

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                                    DEFENDANT AMAZON'S NOTICE OF
                                     REMOVAL

1  hour of pay at the employee's regular rate of compensation for each work day that the meal or

2  rest period is not provided."  Plaintiffs seek to recover these penalties for a period of four years

3  preceding the date of the filing of their Complaint.  Exh. A ¶ 27.

4          As stated above, Amazon employed at least 22,107 putative class members, who worked

5  approximately 323,248 pay periods in only the *one* year period preceding the filing of Plaintiffs'

6  Complaint.  Nickerson Decl. ¶¶ 5-6.  Conservatively estimating only *two* missed rest periods per

7  pay period (which is far less than Plaintiffs' allegation that they were not provided a full rest

8  period each and every day they worked), and assuming putative class members earned only the

9  California minimum wage of $9.00/hour, the amount in controversy would increase, at a

10  minimum, by $5,818,464 (2 rest period violations * 323,248 pay periods * $9.00 = $5,818,464).

11  Extrapolating this number across the four years alleged in the Complaint would effectively

12  quadruple the amount in controversy, thus clearly meeting the $5,000,000 threshold.

13                  **c.      The Complaint Seeks Recovery Of Attorneys' Fees.**

14          Plaintiffs seek to recover attorneys' fees.  Exh. A, Prayer for Relief ¶ 3 (mis-numbered as

15  "2").  Attorneys' fees are properly included in determining the amount in controversy.

16  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Sanchez v. Wal-Mart*

17  *Stores, Inc.*, No. Civ. S-06-cv-2573 DFL KJM, 2007 WL 1345706, at *2 (E.D. Cal. May 8, 2007)

18  ("Attorney's fees, if authorized by statute or contract, are also part of the calculation.").  Although

19  Amazon denies Plaintiffs' claim for attorneys' fees, for purposes of removal, the Ninth Circuit

20  uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys'

21  fees.  *In re Quintus Sec. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for

22  attorneys' fees is 25% of the common fund).

23          The amount in controversy based on Plaintiffs' First and Third Causes of Action is at least

24  $37,037,914 ($31,219,450 + $5,818,464).  An award of 25% attorneys' fees based upon such

25  amount would increase the amount in controversy by an additional $9,259,478 (25% of

26  $37,037,914).

27                  **d.      The Amount in Controversy Exceeds $5 Million.**

28          Aggregating the foregoing figures, Plaintiffs' alleged amount in controversy is at least

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

$46,297,392 ($37,037,914+ $9,259,478 in attorneys' fees = $46,297,392).  This is demonstrated by a preponderance of the evidence presented by Amazon with this Notice of Removal.

**B.     The Putative Class Has More Than 100 Members.**

Plaintiffs purport to assert claims on behalf of a putative class comprised of "all current and past employees of Golden State FC, Amazon, TrueBlue, SMX, DOES and each of them who have worked one or more shifts of more than three and one half hours at an Amazon Fulfillment Center in California as a warehouse associate, picker, unloader, packers, or substantially similar position" since December 22, 2011.  Exh. A ¶ 27.  Based on this definition, this putative class contains at least 22,107 members.  Nickerson Decl. ¶ 5.

**C.     Diversity of Citizenship Exists.**

To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists, that is, that one putative class member is a citizen of a state different from that of one defendant.  28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

"An individual is a citizen of the state in which he is domiciled . . . ."  *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)).  For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

First, all Plaintiffs worked for Defendants in California.  Exh. A ¶ 15 ("at all relevant times, Plaintiffs . . . were paid for work in Defendants' Fulfillment Centers in California.").  Second, all three Plaintiffs' last known residential addresses are in California.  Declaration of Sacha Steenhoek ("Steenhoek Decl.") ¶¶ 2-3. Therefore, Plaintiffs are citizens of California for diversity jurisdiction purposes.

Per 28 U.S.C. § 1332, an unincorporated association is deemed to be a citizen of the state where it has its principal place of business and under whose laws it is organized. 28 U.S.C. § 1332(d)(10); *see also Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (holding that a limited liability company qualifies as an "unincorporated association" under Section 1332(d)(10) for purposes of CAFA removal).  Golden State FC, LLC and Amazon.com, Inc. are organized under the laws of Delaware and are headquartered in Washington.  Steenhoek Decl. ¶¶ 4-5, Exhs. 1-2.  Plaintiffs allege that Defendants TrueBlue Inc. and SMX, LLC are Illinois companies with their headquarters also in the State of Illinois.  Exh. A ¶ 6.  Accordingly, Golden State and Amazon are citizens of Washington and Delaware, and TrueBlue and SMX are citizens of Illinois for the purposes of determining diversity. 28 U.S.C. § 1332(d)(10).

In addition, the Complaint names as defendants "Does 1 through 10."  Exh. A ¶ 15.  The citizenship of fictitious "Doe" defendants, however, is disregarded for removal purposes.  28 U.S.C. § 1441(a); *Soliman v. Philip Morris, Inc.*, 311 F.3d 966, 971 (9th Cir. 2002); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (for removal purposes, the citizenship of defendants sued under fictitious names shall be disregarded).

Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant.  As a result, diversity jurisdiction exists under CAFA.  28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").[3]

## IV.   VENUE

This action was originally filed in the Superior Court for the City and County of Alameda. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it

---

[3] Plaintiffs allege, without citing any authority, that removal of this matter is barred by the Eleventh Amendment because their Complaint contains PAGA claims.  Exh. A ¶14.  The Ninth Circuit has upheld a district court ruling, however, that this theory lacks any merit.  *Archila v. KFC U.S. Properties, Inc.*, 420 Fed.Appx. 667, 668-69, 2011 WL 70348 (9th Cir. 2011).  This is true because although California may be a real party in interest to a PAGA action (*see Arias v. Superior Court*, 46 Cal.4th 969 (2009)), this does not convert California into an *actual* party to a PAGA litigation.  *See United States ex rel. Eisenstein v. City of N.Y.*, 556 U.S. 928, ("[W]hen …a real party in interest has declined to bring the action or intervene, there is no basis for deeming it a 'party'….").

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

1    encompasses the county in which this action has been pending.

2    **V.    <u>NOTICE</u>**

3        Amazon will promptly serve this Notice of Removal on all parties and will promptly file a

4    copy of this Notice of Removal with the clerk of the state court in which the action is pending, as

5    required under 28 U.S.C. § 1446(d).

6    **VI.    <u>CONSENT</u>**

7        All defendants consent to the removal of this action.  Although separate consent of all

8    defendants is not required under CAFA (*see* 28 U.S.C. § 1453(b)), attached hereto as **Exhibit C**

9    is Defendants Trueblue, Inc. and SMX's notice of consent to removal.

10   **VII.   <u>CONCLUSION</u>**

11       Based on the foregoing, Amazon requests that this action be removed to this Court.  If any

12   question arises as to the propriety of the removal of this action, Amazon respectfully requests the

13   opportunity to present a brief and oral argument in support of its position that this case is subject

14   to removal.

15

16   Dated: January 22, 2016                       MORGAN, LEWIS & BOCKIUS LLP

17

18                                            By    */s/ Sacha Steenhoek*
                                                   _____
19                                                 Eric Meckley
                                                   Richard G. Rosenblatt
20                                                 Joseph A. Nuccio
                                                   Theresa Mak
21                                                 Sacha Steenhoek
                                                   Attorneys for Defendants
22                                                 Amazon.com, Inc.
                                                   Golden State FC, LLC

23

24

25   DB1/ 86002324.4

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT AMAZON'S NOTICE OF
REMOVAL

# EXHIBIT A

Arnold Law Firm    Fax:    Dec 22 2015 09:57am P004/035

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** GOLDEN STATE FC LLC, AMAZON.COM,
*(AVISO AL DEMANDADO):* INC., TRUEBLUE INC, SMX, and DOES
1 through 25, inclusive

**FILED BY FAX**
ALAMEDA COUNTY
December 22, 2015
CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID PARSON and
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* BRANDON MITCHELL,
individually and on behalf of all those similarly
situated, and MARIAH GULLAT as an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
1225 Fallon St
Oakland, CA 94612

CASE NUMBER:
*(Número del Caso):*
RG15797524

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Clayeo C Arnold #65070    916-777-7777    915-924-1829fax
Joshua H Watson #238058, John T Stralen #171227
CLAYEO C. ARNOLD, APC
865 Howe Ave Sacramento, CA 95825

DATE:                        Clerk, by                        , Deputy
*(Fecha)*                    *(Secretario)*                    *(Adjunto)*

For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* **Golden State FC LLC**
   under: [X] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
          [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

Legal Solutions Plus

Arnold Law Firm          Fax:                    Dec 22 2015 09:56am P002

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Clayeo C Arnold SBN 65070<br>Joshua H. Watson #238058, John T Stralen #171227<br>CLAYEO C. ARNOLD, APC<br>865 Howe Ave.<br>Sacramento, CA 95825<br>TELEPHONE NO.: 916-777-7777   FAX NO.: 916-924-1829<br>ATTORNEY FOR (Name): Parson, Mitchell, Gullat et | **FILED BY FAX**<br>ALAMEDA COUNTY<br><br>December 22, 2015<br><br>CLERK OF<br>THE SUPERIOR COURT<br>By Alicia Espinoza, Deputy<br><br>CASE NUMBER:<br>**RG15797524** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 1225 Fallon St
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland, CA 94612
BRANCH NAME: Rene C. Davidson Courthouse

CASE NAME: Parson, et al. v Golden State FC, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount  (Amount<br>demanded  demanded is<br>By Fax  exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

Items 1-6 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation**
**(Cal. Rules of Court, rules 3.400-3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [X] is  [ ] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action (specify): 5
5. This case [X] is  [ ] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 22, 2015

Joshua H. Watson #238058
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal
Solutions
Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Clayeo C. Arnold, Esq., SBN 65070
Joshua H. Watson, Esq., SBN 238058
John T. Stralen, Esq., SBN 171227
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiffs
*David Parsons, Brandon Mitchell,*
*individually, and on behalf of all those*
*similarly situated, and*
*Mariah Gullat as an individual*

**FILED BY FAX**
ALAMEDA COUNTY

December 22, 2015

CLERK OF
THE SUPERIOR COURT
By Alicia Espinoza, Deput

CASE NUMBER
**RG15797524**

CALIFORNIA SUPERIOR COURT

COUNTY OF ALAMEDA

UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| DAVID PARSON and BRANDON MITCHELL, individually and on behalf of all those similarly situated, and MARIAH GULLAT as an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>GOLDEN STATE FC LLC, AMAZON.COM, INC., TRUEBLUE INC, SMX, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>CLASS ACTION<br><br>COMPLAINT FOR PAGA PENALTIES, DAMAGES AND INJUNCTION<br><br>*Jury Trial Demanded*  By Fax<br><br>1. Unlawful Denial of Rest Breaks in Violation of 8 CCR 11070(12)(A) and Related Statutes<br><br>2. Failure to Timely Pay Wages in Violation of 8 CCR 11070(12), Labor Code 204 and Related Statutes<br><br>3. Failure to Provide Accurate Pay Stubs in Violation of Labor Code 226 and Related Statutes<br><br>4. Unfair Business Practices in Violation of Business and Professions Code 17200 (Denial of Breaks, Failure to Pay Wages)<br><br>5. Violation of Labor Code §203 (Waiting Times) |

1

COMPLAINT

Come now Plaintiffs DAVID PARSON and BRANDON MITCHELL, individually and on behalf of all those similarly situated, who allege and complain as follows on information and belief, and who pray for relief from the court:

## I. PARTIES

1. DAVID PARSON, BRANDON MITCHELL, and those similarly situated were at all relevant times adults and employees of Defendants in this matter within the State of California. DAVID PARSON is a former employee. BRANDON MITCHELL is a current employee. The named plaintiffs and those similarly situated had and have their relevant employment as warehouse workers within large fulfillment centers wherein they have various job duties associated with unloading deliveries, loading delivered goods into the warehouse/stowage areas, picking product, and shipping products; Defendants changed such workers' duties based on operational needs, and individual warehouse employees regularly work worked in various such positions. DAVID PARSON and BRANDON MITCHELL are identified as class representatives and also as persons permitted to pursue claims on behalf of the State of California in an action pursuant to the Private Attorney General Act ("PAGA").

2. MARIAH GULLAT was at all relevant times an employee of Defendants GOLDEN STATE FULFILLMENT and AMAZON in this matter, similarly situated to DAVID PARSON and BRANDON MITCHELL. MARIAH GULLAT was terminated from employment and may have wrongful termination claims separate and apart from this matter. She is therefore not provided herein as a class representative with respect to claims against GOLDEN STATE AND AMAZON during this initial period of employment. However, MARIAH GULLAT is a person permitted to pursue claims on behalf of the State of California in an action pursuant to PAGA, and is a plaintiff in the PAGA representative claims/remedies herein. Further, MARIAH GULLAT was, subsequent to her termination by AMAZON, hired by SMX and/or TRUEBLUE and put back to work at the same Amazon fulfillment center from which she was fired, and continues to be employed in this capacity. She is subject to a joint employment by all

2

COMPLAINT

Defendants and DOES, who collectively and independently continue the pattern and practice of violating Net 10 Minute break rules as alleged herein. In this second capacity, GULLAT is a class representative for SMX/TRUEBLUE employees, and will seek leave to file related PAGA claims to be added here via amendment.

3. In this litigation, Plaintiffs assert three distinct sets claims arising from related facts, and contemplates a fourth set.

    a.  SET ONE consists of the PAGA representative claims against AMAZON, GOLDEN STATE FC and their business partners brought by GULLAT, PARSON, and MITCHELL, as authorized by the State of California, giving rise to claims for penalties, attorney's fees, and litigation costs. (See, Exhibit A, PAGA Letter; Exhibits B-D, State's Responses to PAGA Letter permitting PAGA claims by GULLAT, PARSON, and MITCHELL.) In these PAGA claims, Plaintiffs stand in the shoes of the State of California in a representative action, and may not be removed to Federal Court, nor compelled to arbitrate by virtue of California law, sovereign immunity, and the Eleventh Amendment to the Constitution of the United States of America.

    b.  SET TWO consists of class-action claims for damages against AMAZON, GOLDEN STATE FC and their business partners brought by PARSON, MITCHELL, and those similarly situated giving rise to claims for damages, attorney's fees, and litigation costs.

    c.  SET THREE consists of class-action claims for damages by GULLAT against TRUEBLUE, AMAZON, and SMX, and those similarly situated giving rise to claims for damages, attorney's fees, and litigation costs.

    d.  SET FOUR is contemplated, but not yet part of this Complaint. It may be added through amendment, and may consist of PAGA claims against TRUE BLUE and SMX brought via GULLAT. However, State approval/right to sue is not yet obtained as to these claims, and they are therefore not pled at this time.

4. Defendants GOLDEN STATE FC LLC, AMAZON.COM, INC., and DOES 1 through

3

COMPLAINT

25, inclusive (hereafter referred to as "Defendants") at all relevant times operated and continue to operate an enterprise in California engaged in the business of selling merchandise via an online catalog, and fulfilling orders at multiple large warehouse-like facilities in California referred to as "Fulfillment Centers," from which customer orders were mailed or otherwise shipped to consumers at the consumers' addresses. The operations of Defendants are fundamentally interwoven such that they operate as a single business. For instance, GOLDEN STATE FC LLC internal correspondence refers to the company as "Amazon," includes the Amazon logo on its letterhead. Employees and managers generally speak of working for "Amazon." Employee discipline documentation refers to the company as "Amazon" and includes the Amazon.com logo. The enterprise administers certain operations from Oakland, California. Defendants' operations in Oakland include but are not limited to interfacing with California State Government.

5. GOLDEN STATE FC LLC's address with the California Employment Development Department is in Oakland.

6. TRUEBLUE INC. is a publicly traded corporation, and one of the largest providers of contingent workforce staffing in the country. TRUEBLUE INC. is centered is Chicago Illinois. TRUEBLUE INC. acquired SMX, a business form unknown, and through SMX provides staffing services on a large scale to GOLDEN STATE FC LLC and AMAZON, including by providing on-site managers who oversee employees, such as GULLAT in her current position, who are jointly employed by GOLDEN STATE FC, AMAZON, TRUEBLUE, SMX, and their business partners.

7. The true names and capacities of Defendants sued herein as DOES 1 through 15, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by such fictitious names. Each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of Court to amend this Complaint to reflect the true names and capacities of the Defendants designated herein as DOES when such identities become known.

8. Based upon information and belief, Plaintiff alleges that at all times mentioned herein, each and every Defendant was acting as an agent and/or employee or joint venture of each of the other Defendants, and at all times mentioned was acting within the course and scope of said agency and/or employment and/or joint venture with the full knowledge, permission, and consent of each of the other Defendants.  In of addition, each of the acts and/or omissions of each Defendant alleged herein were made known to, and ratified by, each of the other Defendants.

9. Defendants, DOES 1 to 15, and each of them were engaged in a common enterprise for which all have joint liability.  At all times relevant herein, Defendants, and each of them, maintained joint control and were in law and in fact "Joint Employers" of said Plaintiffs and the proposed class and subclasses they seek to represent. At all times relevant herein, AMAZON retained and exercised the right to "control the manner and means by which Defendants', DOES 1-10, and each of them had their employees accomplish the work at Defendants' locations, and controlled the work of all employees in the class, whether or not directly employed by Defendants (versus through an agent including but not limited to a staffing agency).  This included but was not limited to direct control over hours worked, timing of shifts and breaks, and all terms and conditions of employment and methods of completing assigned work.

## II. JURISDICTION AND VENUE

10. The acts and omissions giving rise to this litigation occurred in California.

11. The Defendants operate throughout California, and have as their mailing address for State Business, including EDD notices, an address in Oakland, California.

12. This case concerns violation of California Labor Law with respect to Californian citizens.

13. Defendants have availed themselves of the laws and market of California to such a degree as to subject them to personal jurisdiction, both through minimum contacts and general jurisdiction.

//

//

14. Because Plaintiffs GULLAT, PARSON, and MITCHELL bring claims under California's Private Attorney General Statute (Cal. Labor Code § 2698 et seq.), removal of this matter is barred by the Eleventh Amendment.

## III. GENERAL FACTUAL ALLEGATIONS

15. At all relevant times, Plaintiffs and those similarly situated were employees of Defendants, and were paid on an hourly basis for work in Defendants' Fulfillment Centers in California.

16. Defendants' business operations are governed by Wage Order 7 of the Department of Industrial Relations ("DIR"), contained at 8 California Code of Regulations § 11070. This is because Defendants engage in the business of purchasing, selling, and distributing goods at wholesale and/or retail within the State of California, using an online catalog, ordering, and inventory system to accomplish the purposes of what is essentially a mail order house. (*See*, DIR Publication "Which IWC Order?")

17. Wage Order 7 includes a requirement for employees to be provided with "Net 10 minute" rest breaks at about the middle point of each work period lasting four hours or major fraction thereof. (8 California Code of Regulations § 11070(12).) This is a regulatory requirement on which DIR has provided express instruction via published opinion letters. Such opinion letters, issued by a regulatory agency as to its own regulations, are entitled to substantial deference. (*See*, Martinez v. Combs (2010) 49 Cal. 4th 35, 60-61 ["Legislature and the voters have repeatedly demanded the courts' deference to the IWC's orders"].)

18. Rest breaks must be provided in "suitable resting facilities" separate and apart from toilet rooms. (8 California Code of Regulations § 11070(13).)

19. DIR has instructed that the Net 10 minute break means that employees will have 10 minutes of actual paid rest time at the resting facilities, and that anything beyond *de minimis* intrusions of the time are not permitted. (IWC Opinion Letter 1995.06.02, 1-2.)

20. DIR explains in its opinion letters, "The word 'net' as used in the Orders is obviously meant to restrict the employer from practices which would limit the 'rest' period and, at

6

the same time, is designed to insure that the employee receives the rest which the Commission has deemed necessary." (IWC Opinion Letter 1995.06.02, 1-2.) Therefore, DIR has determined that making employees spend a substantial part of their break time walking to and from an approved rest area is a violation of the Net 10 minute break rule. (IWC Opinion Letter 1995.06.02, 1-2.)

21. In contrast with this rule, Defendants locate their designated resting facilities at locations that are remote from work areas, such that employees must walk 2-3 minutes each way when going to or returning from rest. About half of the rest time, or more, is taken up walking to and from the resting area. This is forbidden by Wage Order 7, as discussed above.

22. Defendants police the 10 minute break rule in various manners, including but not limited to: (1) line-level supervisors release their teams for a 10 minute break, and require their return within 10 minutes, inclusive of time spent going to and from the rest area; and (2) employees' activity moving product in the Fulfilment Center is tracked by their scanning of product, such that gaps in scans of more than 10 minutes can be and are used to identify breaks that are too long. No matter the method used to police the break, Defendants require a gross 10 minute break inclusive of walking time instead of a Net 10 minute break. As a result, Defendants violate Wage Order 7 for each employee similarly situated to Plaintiffs on each and every shift and day for each and every employee.

23. Each and every day in which Defendants violate the Net 10 minute break rule of Wage Order 7, they owe each affected employee one hour of additional hour of pay at the employee's regular rate. (*See, e.g.,* 8 California Code of Regulations § 11070(12)(B); 11070(20).)

24. Each and every day in which Defendants violate the Net 10 minute break rule of Wage Order 7, they are subject to civil penalties including but not limited to $50 per initial violation and $100 per subsequent violation per employee per pay period. (*See, e.g.,* Labor Code §§ 558, 1199.)

25. Defendants, for the relevant time period, have not paid such wages or penalties, and

continue to fail to do so.  As a result, Defendants have not paid all wages owed to Plaintiffs and those similarly situated, subjecting themselves to liability for further damages and penalties as provided for by law.

26. On October 8, 2015, Plaintiffs gave proper notice to the DIR, with copy to Defendants, of their intent initiate a representative action.  Thirty-three or more days have passed passed between that notice and the filing of this complaint such that Plaintiffs have standing to file suit in the shoes of the State for penalties as provided by law.  (Labor Code § 2699.3(a)(2).)

## IV. CLASS ACTION ALLEGATIONS

27. Plaintiffs PARSON and MITCHELL bring this matter as a class action, identifying the following class definition:

> The class in this matter consists of all current and past employees of Golden State FC, Amazon, TrueBlue, SMX, DOES, and each of them who have worked one or more shifts of more than three and one half hours at an Amazon Fulfillment Center in California as a warehouse associate, picker, unloader, packer, or substantially similar position within the past four years of the date of filing of this Complaint.  The class contains the following subclasses:  (1) Former employees of Golden State FC and/or Amazon, who are entitled to additional relief of payments for waiting time for unpaid wages after termination; (2) Existing employees of any defendant, who are entitled to additional relief of injunctive relief;  (3) Existing or former employees of any defendant, who are entitled to restitution and/or damages of unpaid wages arising from violation of rest break rules, as alleged herein.

28. Plaintiffs reserve the right to amend the complaint to amend the class definition or define or alter sub-classes.

29. Ascertainability:  A well-defined community of interest in this litigation and proposed class is ascertainable, pursuant to Code of Civil Procedure § 382.  The members of the class and sub-classes may be determined by a number of methods, including but not

limited to reference to Defendant's employment records. For instance, California Labor Code § 1198.5 requires employers to maintain employee records for at least three years from the date of employment termination. Defendants may reasonably be expected to have the records necessary to promptly identify (and give notice to) class members. Class members who may not be included within Defendants' records for whatever reason may be ascertained by financial records of either Defendants or class members (e.g. direct deposit, paystubs, W2's, etc.). Because the violation of the net 10 minute rest period results from a enterprise-wide policy, all employees working in the fulfillment center setting at Defendants' fulfillment centers throughout California in the relevant time frame are class members, and therefore readily ascertainable.

30. Numerosity: Defendants employ thousands of persons in California at any given time. During busy times, such as the holiday season, Defendants employ thousands of additional persons in California on a temporary basis. Given this number of employees, it is not practicable to join all plaintiffs to the litigation.

31. Commonality: Questions of law and fact of the class predominate over any individual concerns of class members. Such common issues include but are not limited to:

   a. Establishing the corporate practices and policies concerning the 10 minute rest period.

   b. Determining as a matter of law the meaning of the term "Net 10 Minute Rest Period" as utilized in the relevant regulations and wage orders.

   c. Identifying methods for establishing that employees were denied their net 10 minute rest periods in fact, and not merely in policy. This will include expensive litigation into implementation of company policies not practical in individual wage and hour cases. On information and belief, Defendants maintain extensive and detailed electronic records which can be used to track employees' activities and movement through Defendants' premises. Deposing custodians of records, persons most qualified, and key management staff is expected to be necessary in order to establish Defendants' data retention policies, data format, and means of

9

COMPLAINT

data analysis. It is expected that this discovery will result in a finding that regular product-scanning metrics used to evaluate employees and/or track the movement of product in the fulfillment centers will also show that employees are/were not provided their net 10 rest periods. This common issue of discovery will arise in each wage and hour case that could be brought, and likely will consume much of the work in discovery in this matter, barring Defendants' admission that they violated the Net 10 rest period rule for all class members. Given that this work will require retention of computer and HR experts, it is far more efficient to process this key liability discovery in a class context than in individual cases.

d. Confirming the identity of the appropriate defendant(s), both with respect to liability and ability to satisfy the debt of unpaid wages to class members. There may be multiple or joint employers who must be identified, and whose relationships must be established. It is notable that Defendants' names in internal documentation vary between Golden State Fulfillment Centers, Amazon, Amazon.com, etc. Amazon has many branches, subsidiaries, partners, and related enterprises, such that it is difficult to determine who is responsible for the wrongs alleged herein. All class members would need to identify the correct defendants in order to recover, absent a class action.

e. Whether Defendants violated the wage order and statutes regarding the net 10 minute rest break.

f. Whether Defendants violated the labor code by failing to pay employees the mandatory one hour of wages for each workday in which class members were not provided all required net 10 minute rest breaks.

g. Whether Defendants violated paystub accounting/reporting statutes and regulations.

h. Whether Defendants failed to timely pay wages due to class members.

i. Whether failure to pay wages due was willful.

32. <u>Typicality:</u> The claims of the named Plaintiffs are typical of the claims of the class

members.  The named plaintiffs PARSON and MITCHELL and all members of the class and subclasses sustained injuries and damages arising out of and caused by the Defendants' common course of conduct in violation of laws, regulations that have the force and effect of law.  Specifically, all class members, like the class representatives in this Complaint, were denied their net 10 minute rest break(s) while employed by Defendants, and were not timely paid for the resulting statutory wages.

33. Adequacy:  Names class representatives have each agreed to serve as representatives of all similarly situated employees to raise common claims. Each understands that they owe a fiduciary obligation to work with competent counsel and take actions to promote, advance and prevail on the claims being made, not just individually, but for the collective group of employees as a whole. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have agreed to represent the proposed class and act as fiduciaries for their interests in addition to their own.  Plaintiffs are aggrieved in a similar manner as the proposed classes and subclasses, with the only variation being the amount of loss and damage suffered by individual employees as a result of Defendants' common, uniform and systematic practice. Counsel who represent Plaintiffs are competent and experienced, and readily able to successfully prosecute this class action.

34. Superiority:  A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over questions affecting only individual class members. Each class member has been damaged and is entitled to recovery by reason Defendants' unlawful behavior.  A class action will allow those similarly situated to litigate their claims in the most efficient and economical manner for the parties and the judicial system. Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

//

## V. FIRST CAUSE OF ACTION: UNLAWFUL DENIAL OF REST BREAKS IN VIOLATION OF 8 CCR 11070(12)(A) AND RELATED STATUTES BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

35. All prior paragraphs are incorporated by reference as though stated fully here.

36. Plaintiffs and all those similarly situated were at all relevant times non-exempt employees of Defendants working at their Fulfillment Centers in California. Each was entitled to rest breaks as provided for by 8 CCR 11070 or substantially similar wage order, regulation, or statute.

37. On multiple occasions, believed to be on every shift worked, Defendants failed to provide Plaintiffs and all those similarly situated the Net 10 Minute rest break required on each and every day that each such employee worked. Such failure is evidenced by Defendants' business practices regarding taking of such breaks, logs of scanning of products, activities, and locations by employees, and anticipated testimony of the affected employees.

38. As a direct and proximate result of such rest-break violations, Plaintiffs and all those similarly situated were entitled to payment of one hour of additional wages at their regular rates for each day worked within the relevant statute of limitations. (8 California Code of Regulations § 11070 (12)(B).)

39. Plaintiffs and all those similarly situated also assert a claim for ongoing damages for substantially similar behavior continuing on after the filing of this Complaint until the resolution of this matter, such that the damages claims include one hour of pay per day worked by every Plaintiff or similarly situated employee until conclusion of this matter.

40. Acting under the Private Attorney General Act (Labor Code §2699 et seq.), and after having given due notice to the State of California, Plaintiffs, as representatives for the State, also seek recovery of all applicable civil penalties for such rest break violations. (Labor Code §§ 558, 1197.1, 1199, 2699.)

41. Plaintiffs and all those similarly situated also assert a claim for attorney fees and costs of litigation.

## VI. SECOND CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGES IN VIOLATION OF 8 CCR 11070(12), LABOR CODE 204 AND RELATED STATUTES BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

42. All prior paragraphs are incorporated by reference as though stated fully here.

43. Defendants failed to pay Plaintiffs and those similarly situated the one-hour of additional pay required to by Defendants' violations of Wage Order 7 (8 CCR 11070) throughout the entire period within the relevant Statute of Limitations. Yet, per regulation, the wages were due.

44. Labor Code 204 et seq., Defendants were obligated to pay all employees all wages due on a semimonthly basis or similar regular basis. However, Defendants did not pay the one-hour of regular wages per employee per day as alleged herein. Such wages have not been paid to date.

45. Acting under the Private Attorney General Act (Labor Code §§ 2699, 2699.5 et seq.), and after having given due notice to the State of California, Plaintiffs, as representatives for the State, also seek recovery of all applicable civil penalties for such failure to timely pay wages. (Labor Code §§ 204, 210 [$100 per initial failure per employee, and for each subsequent violation per employee, $200 plus 25% of the amount unlawfully withheld], 2699.)

## VII. THIRD CAUSE OF ACTION: FAILURE TO PROVIDE ACCURATE PAY STUBS IN VIOLATION OF LABOR CODE 226 AND RELATED STATUTES BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

46. All prior paragraphs are incorporated by reference as though stated fully here.

47. Defendants did not provide any accurate paystubs to Plaintiffs or those similarly situated at any time during the relevant statute of limitations because they did not acknowledge or otherwise list the additional wages owed on account of violating the rest break rules as alleged above. As a result, each and every paystub within the applicable statute of limitations was in violation of Labor Code §226(a), which sets forth the specific requirements for paystubs including but not limited a statement of gross and net income.

48. Plaintiffs and all those similarly situated assert claims for damages throughout the applicable statute of limitations periods pursuant to Labor Code §226(e) [$50 per employee per initial pay period, $100 per subsequent period up to $4,000 per employee; plus attorney fees and costs].

49. Plaintiffs and all those similarly situated seek injunctive relief to ensure Defendants' compliance with Labor Code § 226, and seek costs and attorney fees in that regard.

## VIII. FOURTH CAUSE OF ACTION: UNFAIR BUSINESS PRACTICES IN VIOLATION OF BUSINESS AND PROFESSIONS CODE 17200 BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

50. All prior paragraphs are incorporated by reference as though stated fully here.

51. The conduct by Defendants alleged herein, including failing to provide Net 10 rest time, failing to pay wages due on account of such rest time violations, and failing to provide accurate paystubs in connection with the same, constitute a business practice that is longstanding, systemic, intentional, and ongoing.

52. Said practice is unlawful, as demonstrated in the foregoing.

53. Said practice is unfair in that, *inter alia*, it deprives employees of the rest to which they are entitled, because it works employees unreasonably hard, and because is subjects employees to indignity and uncivilized behavior in an environment in which they have diminished power.

54. Said practice is deceptive because, among other things, it misleads employees into believing that they are being paid properly when, in fact, they are not. Defendants first insist that employees work beyond the conditions permissible by law (when denying Net 10 rest times), then fail to make payments due (in the form of the one hour wages due), then fail to disclose the non-payment of wages on paystubs.

55. Because of the scale of Defendants' operation in California, this wrongful behavior affects a meaningful group of Californians.

56. Plaintiffs and those similarly situated seek injunctive relief within the discretion of the court, including but not limited to an order that Defendants amend their business

practices to comply unambiguously with the Net-10 rest break rules, to make payment of statutory wages where the break rules are violated, and to provide clear paystubs that indicate any wages due from Net-10 rest break violations or similar Labor Code violations.

57. Due to the public benefit conferred by such relief, Plaintiffs and those similarly situated seek attorney fees pursuant to Code of Civil Procedure § 1021.5.

## IX. FIFTH CAUSE OF ACTION: FAILURE TO TIMELY PAY WAGE (WAITING TIME) IN VIOLATION OF LABOR CODE 203 AND RELATED STATUTES BY ALL PLAINTIFF DAVID PARSONS AND SIMILARLY SITUATED CLASS MEMBERS AGAINST ALL DEFENDANTS

58. All prior paragraphs are incorporated by reference as though stated fully here.

59. The sub-class of plaintiffs who bring this cause of action are former employees whose employment with Defendants ended, but who were not timely paid the wages due to them for the above-identified statutory wages of one hour per day in which the employees were not provided with one or more of their Net 10 rest breaks.

60. Defendants willfully failed to pay, without abatement or reduction, these stated wages.

61. Defendants, pursuant to Labor Code §203, are liable for ongoing payment of wages to the members of this sub-class for thirty days of employment per statute, along with attorney's fees, and costs of litigation.


## IX.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, DOES 1 to 25, and each of them, as hereinafter follows:

1.     For damages according to proof;

2.     For statutory penalties according to proof;

2.     For attorney's fees as permitted by statute;

3.     For costs of suit;

4.     For injunctive relief as the court deems proper, including but not necessarily

1   limited to compelling ongoing compliance with employee break regulations and payment of

2   additional wages per statute on occasions where the break rules are violated; and

3       5.      For such other and further relief as the court deems proper.

4       For the purposes of due process and default judgment, Plaintiffs set forth a prayer of not

5   more than $30,000,000 (Thirty Million US Dollars) understanding this amount be arrived at

6   purely for reservation of rights for these purposes and is subject to change, including increase,

7   during litigation of this matter.  Such damages pled are exclusive of costs and attorney fees.

8

9   Dated: December 22, 2015                    CLAYEO C. ARNOLD, APC

10

11

12   By:    _____

13          Clayeo C. Arnold, Esq.
            Joshua H. Watson, Esq.
            John T. Stralen, Esq.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT

*CLAYEO C. ARNOLD*
*ANTHONY M. ONTIVEROS*
*KIERSTA PERLEE*
*CHRISTINE M. DOYLE\**
*GARY B. CALLAHAN*

*\*Also admitted in Pennsylvania and
New York*



**ARNOLD LAW FIRM**
**"JUSTICE FOR YOU"**

865 Howe Avenue
Sacramento, CA 95825
Telephone:
(916) 777-7777
(916) 924-3100
Facsimile: (916) 924-1829
Toll Free: (800) 924-3181

*JOHN T. STRALEN*
*TATIANA FILIPPOVA*
*JOSHUA WATSON*

*LAWRENCE S. PAIKOFF,
M.D., J.D.
Of Counsel*

*Website:
JUSTICE4YOU.COM*

October 8, 2015

**VIA CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

Attn. PAGA Administrator
1515 Clay Street, Ste. 801
Oakland, CA 94612

Golden State FC LLC
PO Box 23020
Oakland, CA 94623

Amazon.com, Inc. & Golden State FC LLC
410 Terry Avenue North
Seattle, WA 98109-5210

RE:    **Notice and Request to Initiate Representative Action
         per Labor Code § 2699 et seq.**

Dear Labor Commissioner:

This letter is notice and request to initiate a representative action pursuant to Labor Code § 2699 et seq. A copy of this correspondence is concurrently sent to the employer at issue, named above. The request to initiate action includes action against the named employer and any of its related affiliates, subsidiaries, or parent entities as necessary to remedy the labor practices at issue in this letter.

Per statute, we request the right to file a representative action. Our firm has investigated this matter and determined it has merit. We respectfully request that you allow us to move forward at this time so that we may advance the interests of the employees and the State. The following assertions are made on information and belief.

**A. Employer at Issue**

GOLDEN STATE FC LLC operates multiple fulfillment centers in California which are used to temporarily store and ship out products to consumers who place orders through an online catalog of goods. The online catalog of goods is published by the parent corporations/affiliates of GOLDEN STATE FC LLC such that the subject fulfillment centers are part of the greater enterprise, which is essentially a mail-order catalog in which the catalog and ordering services are provided online. This employer is part of the Amazon.com Inc. family of companies, and includes the Amazon.com name, trademarks, and logos in its internal correspondence and notices

1

to employees.   References herein to GOLDEN STATE FC LLC are inclusive of the entire Amazon.com enterprise as it relates to the matters discussed.

## B. Claims

### Claim No. 1: Denial of Net 10 Minute Rest Break

#### *1. Legal Authority*

Given the nature of the work engaged in by GOLDEN STATE FC LLC, we believe the relevant wage order is Wage Order No. 7 (Mercantile), which, among other things, governs mail order businesses.  (Pursuant to the DIR publication "WHICH IWC ORDER?") "'Mercantile Industry' means any industry, business, or establishment operated for the purpose of purchasing, selling or distributing goods or commodities at wholesale or retail; or for the purpose of renting goods or commodities." (Id.)

Wage Order No. 7, as with several other orders, includes a requirement that employees be provided with "Net 10 minute" rest breaks periodically during the workday:

12. Rest Periods

(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(Wage Order 7, 12; 8 California Code of Regulations § 11070 (12)(A), emphasis added.)

The term "net" means that the employees must be provided 10 minutes of actual rest time:

The requirement that every employee have a net 10-minute rest period every four hours or major fraction thereof is a state-mandated minimum labor standard. Any deviation from this requirement must be strictly construed. While requiring a worker to walk 30 seconds or so each way to toilet facilities or a suitable rest area during the break period would seem to be de minimis; a walk which took half of the 10-minute break period in order to use these facilities would certainly not be considered in the same light. The word "net" as used in the Orders is obviously meant to restrict the employer from practices which would limit the "rest" period and, at the same time, is designed to insure that the employee receives the rest which the Commission has deemed necessary.

(IWC Opinion Letter 1995.06.02, 1-2.)

2

Courts defer to your formal opinions with respect to interpreting your regulations:

> The Legislature and the voters have repeatedly demanded the courts' deference to the IWC's orders...[T]he courts have shown the IWC's wage orders authority and extraordinary deference, both in upholding their validity and in enforcing their specific terms.
> (*Martinez v. Combs* (2010) 49 Cal. 4th 35, 60-61.)

We therefore accept IWC Opinion Letter 1995.06.02 as the definitive interpretation of the Net 10 Minute requirement.

### 2. Employer's Violation of the Net 10 Rule

Employees working at GOLDEN STATE FC LLC fulfillment facilities work in exceptionally large buildings constructed in remote areas away from the state's urban centers, with easy access to freeways. Employees are checked for personal items as they enter the facility for work, and are given locker areas to store any necessary personal items such as lunch. Rules are very strict for what can be brought into the facilities. In this setting, employees have essentially no setting to rest in, other than in the employer's designated rest areas.

Rest areas are placed in the buildings, but are a 3-5 minute walk from many or most work areas.

GOLDEN STATE FC LLC strictly enforces a ~~gross-10-minute-break rule~~. The work of employees at the fulfillment centers includes ongoing scanning of products and inventory. Computer records track when employees scan products, stow products on shelves, etc. Managers review such records to determine whether an employee exceeds the allotted 10 minute break by checking the time between the last action before break and the first action after the break. Where an employee has a gap of only 10 minutes or less, the employee's conduct is deemed acceptable. Where the time exceeds 10 minutes, the employee is deemed to have taken too long a break. Of course, given that it takes 3-5 minutes to get to an appropriate rest area, this policy and related records demonstrate an ongoing violation of the Net 10 break rule of Wage Order 7 (12).

GOLDEN STATE FC LLC knows its employees struggle with the 10 minute breaks in this environment. Many of the employees are younger – in their late teens and early 20's. They also work in remote areas with fewer options for alternative employment. Perhaps not yet accustomed to standing up for their employment rights, these vulnerable employees are pushed to work at the limits of their physical ability. To this end, GOLDEN STATE FC LLC managers have engaged in conduct such as timing an employee as the employee rushed to the restroom to urinate – and had the manager actually stand in the restroom with a watch as the employee tried to use the facilities. GOLDEN STATE FC LLC has also engaged in behavior such as denying an employee with a need for acute cardiac medication the right to bring that medication into the fulfillment center to take during break. Thus, the employer appears to be acting in bad faith, not merely in error.

It is notable that GOLDEN STATE FC LLC has the ready ability to strictly enforce a Net 10 break policy within the confines of the law. GOLDEN STATE FC LLC has timecard systems in the break rooms. At lunch, employees clock in and at the break room. If GOLDEN STATE FC

3

LLC wished, it could simply have them clock in and out for their 10 minute breaks as well. While this is not required, doing so would allow the employer to police its break policy within the confines of the law while still respecting employee rights. The fact that GOLDEN STATE FC LLC has the ability to engage in such policing, but elects instead to pressure and require its employees into taking shortened breaks, coupled with the harassing behavior above, suggests a disturbing pattern of intentional conduct in knowing violation of the law.

GOLDEN STATE FC LLC employs thousands of Californians in the above conditions.

## Claim No. 2: Non-Payment of Wages; Assessment of Civil Penalties

### 1. Legal Authority
Where rest periods are not provided by law, "the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided." (8 Cal. Code of Reg. § 11070 (12).)

In addition, various penalties for the benefit of the State apply. (*See*, 8 Cal. Code of Reg § 11070 (20).) In an enforcement action to recover such penalties, "[t]he affected employee shall receive payment of all wages recovered," while the State recovers penalties as provided by law. (Id.)

### 2. Employer Owes Employees One Hour of Unpaid Wages Per Day
Because employees working at GOLDEN STATE FC LLC have their Net 10 Rest Break rules violated, as a matter of enforced policy, every single day, each employee is entitled to an additional one hour of unpaid wages within the relevant Statute of Limitations. (8 Cal. Code of Reg. § 11070 (12).) Given the number of employees, and the near-uniformity of the debt owed, it makes sense to resolve all employee claims through a group action.

A representative action, if approved, would allow us to also collect the penalties at the same time, allowing for efficiency for the State. A representative action would also allow the affected California employees to appropriately bring their claims in State court, and keep them there.

## Claim No. 3: Additional Failures Flowing From Employer's Failure to Pay Wages

As a result of GOLDEN STATE FC LLC not paying the necessary wages due to rest break violations, it engaged in a cascading series of other Labor Code Violations, including:

1. Labor Code § 226 – Failure to provide accurate statement of wages with paycheck (incomplete reporting of gross wages earned)

2. Labor Code § 204 – Failure to pay all wages on designated paydays

These give rise to further damages and penalties.

4

**C. Request for Permission to Commence Representative Action**

The Arnold Law Firm represents three aggrieved California citizens with respect to the foregoing conduct by GOLDEN STATE FC LLC: Mariah Gullat, David Parsons, and Branden Mitchell. These include a current employee and two terminated employees.  We respectfully request permission to file a representative action pursuant to the relevant statutes, with our clients serving as the representatives.

Very truly yours,

THE ARNOLD LAW FIRM

By: Joshua H. Watson, Esq.
*Counsel for Mariah Gullat, David Parsons, and Branden Mitchell*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

COMPLAINT



STATE OF CALIFORNIA
# Labor & Workforce Development Agency

Governor Edmund G. Brown Jr. · Secretary David Lanier

Agricultural Labor Relations Board · California Unemployment Insurance Appeals Board
California Workforce Investment Board · Department of Industrial Relations
Employment Development Department · Employment Training Panel · Public Employment Relations Board

November 25, 2015                                    **CERTIFIED MAIL**

Arnold Law Firm
865 Howe Ave
Sacramento CA 95825

RE: LWDA          #20388.1
RE: Employer(s):  Golden State FC LLC
RE: Employee(s):  David Parsons

This is to inform you that the Labor and Workforce Development Agency (LWDA), in care of the Division of Labor Standards Enforcement (DLSE), received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked 10/8/2015, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise DLSE of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned case number in any future correspondence.

Sincerely,

Mark-Woo-Sam
General Counsel

CC: Golden State FC LLC
PO Box 23020
Oakland CA 94623
**Agent For Service Of Process**

800 Capitol Mall, Suite 5000 | Sacramento, California 95814 | TEL: (916) 653-9900 | FAX: (916) 653-6913 | www.labor.ca.gov

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

CERTIFICATION OF SERVICE BY MAIL
(C. C. P. 1013A)

I, Melody Lorenzo, do hereby certify that I am a resident or employed in the county of
Oakland.  I am over 18 years of age, not a party to the within action, and that I am
employed at the business address below:

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
1515 Clay Street, Suite 801
Oakland, CA 94612

On 11/25/2015, I served the within "Do Not Investigate" letter by placing a true copy
thereof in an envelope addressed as follows:

Arnold Law Firm
865 Howe Ave
Sacramento CA 95825

LWDA #20388.1

Which envelope was then sealed with postage and certified mail fees, (if applicable) fully
prepaid thereon, deposited in the United States mail by

_____Ordinary first class mail

__X__Certified Mail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE
AND CORRECT.

Executed on 11/25/2015
at Oakland, California.

DLSE 544

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT C



STATE OF CALIFORNIA
## Labor & Workforce Development Agency

Governor: Edmund G. Brown Jr.  •  Secretary: David Lanier

Agricultural Labor Relations Board  •  California Unemployment Insurance Appeals Board
California Workforce Investment Board  •  Department of Industrial Relations
Employment Development Department  •  Employment Training Panel  •  Public Employment Relations Board

November 25, 2015                                    **CERTIFIED MAIL**

Arnold Law Firm
865 Howe Ave
Sacramento CA 95825

RE: LWDA            #20388.2
RE: Employer(s):    Golden State FC LLC
RE: Employee(s):    Branden Mitchell

This is to inform you that the Labor and Workforce Development Agency (LWDA), in care of the Division of Labor Standards Enforcement (DLSE), received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked 10/8/2015, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise DLSE of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned case number in any future correspondence.

Sincerely,

Mark-Woo-Sam
General Counsel

CC: Golden State FC LLC
PO Box 23020
Oakland CA 94623
**Agent For Service Of Process**

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

CERTIFICATION OF SERVICE BY MAIL
(C. C. P. 1013A)

I, Melody Lorenzo, do hereby certify that I am a resident or employed in the county of Oakland. I am over 18 years of age, not a party to the within action, and that I am employed at the business address below:

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
1515 Clay Street, Suite 801
Oakland, CA 94612

On 11/25/2015, I served the within "Do Not Investigate" letter by placing a true copy thereof in an envelope addressed as follows:

Arnold Law Firm
865 Howe Ave
Sacramento CA 95825

LWDA #20388.2

Which envelope was then sealed with postage and certified mail fees, (if applicable) fully prepaid thereon, deposited in the United States mail by

_____Ordinary first class mail

__X__ Certified Mail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 11/25/2015
at Oakland, California.

DLSE 544

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT D



STATE OF CALIFORNIA
## Labor & Workforce Development Agency

Governor Edmund G. Brown Jr. · Secretary David Lanier

Agricultural Labor Relations Board · California Unemployment Insurance Appeals Board
California Workforce Investment Board · Department of Industrial Relations
Employment Development Department · Employment Training Panel · Public Employment Relations Board

November 25, 2015                                        **CERTIFIED MAIL**

Arnold Law Firm
865 Howe Ave
Sacramento CA 95825

RE: LWDA          #20388.0
RE: Employer(s):   Golden State FC LLC
RE: Employee(s):   Mariah Gullat

This is to inform you that the Labor and Workforce Development Agency (LWDA), in care of the Division of Labor Standards Enforcement (DLSE), received your notice of alleged Labor Code violations pursuant to Labor Code Section 2699, postmarked 10/8/2015, and after review, does not intend to investigate the allegations.

As a reminder to you, the provisions of Labor Code Section 2699(i) provides that "...civil penalties recovered by aggrieved employees shall be distributed as follows: 75 percent to the LWDA for enforcement of labor laws and education of employers and employees about their rights and responsibilities under this code." Labor Code Section 2699(l) specifies "The superior court shall review and approve any penalties sought as part of a proposed settlement agreement pursuant to this part."

Consequently, you must advise DLSE of the results of the litigation, and forward a copy of the court judgment or the court-approved settlement agreement. Please be certain to reference the above LWDA assigned case number in any future correspondence.

Sincerely,

Mark-Woo-Sam
General Counsel

CC: Golden State FC LLC
PO Box 23020
Oakland CA 94623
**Agent For Service Of Process**

800 Capitol Mall, Suite 5000 | Sacramento, California 95814 | TEL: (916) 653-9900 | FAX: (916) 653-6913 | www.labor.ca.gov

STATE OF CALIFORNIA
DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT

CERTIFICATION OF SERVICE BY MAIL
(C. C. P. 1013A)

I, Melody Lorenzo, do hereby certify that I am a resident or employed in the county of Oakland. I am over 18 years of age, not a party to the within action, and that I am employed at the business address below:

DEPARTMENT OF INDUSTRIAL RELATIONS
DIVISION OF LABOR STANDARDS ENFORCEMENT
1515 Clay Street, Suite 801
Oakland, CA 94612

On 11/25/2015, I served the within "Do Not Investigate" letter by placing a true copy thereof in an envelope addressed as follows:

Arnold Law Firm
865 Howe Ave
Sacramento CA 95825

LWDA #20388

Which envelope was then sealed with postage and certified mail fees, (if applicable) fully prepaid thereon, deposited in the United States mail by

_____ Ordinary first class mail

__X__ Certified Mail

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on 11/25/2015
at Oakland, California.



DLSE 544



# Superior Court of California, County of Alameda
# Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

> The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial. You may choose ADR by:
>
> - Indicating your preference on Case Management Form CM-110;
>
> - Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or
>
> - Agree to ADR at your Initial Case Management Conference.
>
> **QUESTIONS?** Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
> Or visit the court's website at http://www.alameda.courts.ca.gov/adr

## What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

## What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

## What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

  o **Court Mediation Program**: Mediators do not charge fees for the first two hours of mediation. If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

## Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA  94702-1612
Telephone: (510) 548-2377     Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – **S**ervices that **E**ncourage **E**ffective **D**ialogue and **S**olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA  94550
Telephone: (925) 373-1035     Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA  94607
Telephone: (510) 768-3100     Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | FOR COURT USE ONLY |

TELEPHONE NO.:           FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| | |
|---|---|
| **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | CASE NUMBER: |

**INSTRUCTIONS:  All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 1225 Fallon Street, Oakland, CA 94612.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                 Time:                 Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (*check one*):

   ☐ Court mediation        ☐ Judicial arbitration

   ☐ Private mediation      ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____    ▶    _____

       (TYPE OR PRINT NAME)                       (SIGNATURE OF PLAINTIFF)

Date:

_____    ▶    _____

       (TYPE OR PRINT NAME)                     (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

| | | |
|---|---|---|
| Form Approved for Mandatory Use<br>Superior Court of California,<br>County of Alameda<br>ALA ADR-001 [New January 1, 2010] | **STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR) AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS** | Cal. Rules of Court,<br>rule 3.221(a)(4) |

**ALA ADR-001**

| PLAINTIFF/PETITIONER: | CASE NUMBER.: |
|---|---|
| DEFENDANT/RESPONDENT: | |

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF DEFENDANT)

Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF ATTORNEY FOR DEFENDANT)

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

# EXHIBIT B

ENDORSED
FILED
ALAMEDA COUNTY

JAN 2 1 2016

CLERK OF THE SUPERIOR COURT
BY ⟨signature⟩
Maria Carrera Deputy

1 | DAVID R. ONGARO, State Bar No. 154698
dongaro@ongaropc.com
2 | AMELIA D. WINCHESTER, State Bar No. 257928
awinchester@ongaropc.com
3 | CARA R. SHERMAN, State Bar No. 269343
csherman@ongaropc.com
4 | ONGARO PC
50 California Street, Suite 3325
5 | San Francisco, CA 94111
Telephone: (415) 433-3900
6 | Facsimile: (415) 433-3950

7 | Attorneys for Defendants
TRUEBLUE, INC. and SMX, LLC
8

9

10 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF ALAMEDA**
11

12

| | |
|---|---|
| DAVID PARSON and BRANDON MITCHELL, individually and on behalf of all those similarly situated, and MARIAH GULLAT, as an individual, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDEN STATE FC LLC, AMAZON.COM, INC., TRUEBLUE INC., SMX, and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No. RG15797524 <br><br> **DEFENDANTS TRUEBLUE, INC. AND SMX, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> Complaint Filed:  December 22, 2015 |

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **GENERAL DENIAL**

Defendants TrueBlue, Inc. (erroneously sued as TrueBlue Inc.) and SMX, LLC (erroneously sued as SMX) (collectively "Defendants") by and through their undersigned counsel hereby answer Plaintiffs' unverified Complaint ("Complaint") as follows:

Pursuant to the California Code of Civil Procedure, Section 431.30, Defendants generally deny each and every allegation contained in the Complaint filed by Plaintiffs David Parson and Brandon Mitchell, individually and to the extent they claim they are advancing claims on behalf of all those similarly situated, and Mariah Gullat as an individual, and to the extent she alleges to bring claims on behalf of any other person ("Plaintiffs"), and the whole thereof and further deny that Plaintiffs or any other putative class member or "aggrieved employee" is entitled to any penalties, have suffered any injuries or have been damaged in the manner or sum alleged, or in any other manner or sum whatsoever.

## **AFFIRMATIVE DEFENSES**

By way of their affirmative defenses to the allegations of the Complaint on file herein, Defendants allege as follows:

## **FIRST AFFIRMATIVE DEFENSE**

1.     Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief may be granted.

## **SECOND AFFIRMATIVE DEFENSE**

2.     Plaintiffs' Complaint as a whole, and each purported cause of action alleged therein, is barred in whole or in part by the applicable statute of limitations, including without limitation Code of Civil Procedure §§ 203, 337, 338, 339, 340, and 343 *et seq*., and Business & Professions Code §§ 17200, 17208 *et seq.* .

## **THIRD AFFIRMATIVE DEFENSE**

3.     Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part because Plaintiffs failed to exhaust their administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

4.      Plaintiffs are barred in whole or in part from recovering any damages, or any recovery must be reduced, by virtue of Plaintiffs' failure to exercise reasonable diligence to mitigate their alleged damages.

**FIFTH AFFIRMATIVE DEFENSE**

5.      Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part because Plaintiffs are estopped by their own conduct to claim any right to damages, penalties or any relief against Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

6.      Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the doctrine of waiver.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the doctrine of consent.

**NINTH AFFIRMATIVE DEFENSE**

9.      Plaintiffs' claims ae barred by *res judicata* and/or collateral estoppel.

**TENTH AFFIRMATIVE DEFENSE**

10.      Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part by the doctrines of accord and satisfaction, settlement and/or payment and release.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part and/or recovery is precluded because the conduct of Defendants was not willful.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part to the extent that Plaintiffs, members of the putative class or other "aggrieved employees" have

previously pursued any claim before the California Department of Industrial Relations, Division of Labor Standards Enforcement, or the United States Department of Labor.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The State of California is barred from bringing a duplicative action itself or through a private attorney general, therefore Plaintiffs' private attorneys general claims are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiffs' claims are barred in whole or in part as the alleged defects were cured as to Plaintiffs and all other potential aggrieved employees and members of the putative class.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     The Complaint and each alleged cause of action fail to state a cause or causes of action entitling Plaintiffs to attorneys' fees on any basis.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     Plaintiffs are not entitled to any penalty award under any California Labor Code provision because at all times relevant and material herein, the answering Defendants acted in good faith and had reasonable grounds for believing that they did not violate the California Labor Code.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiffs' allegations that this action should proceed on a representative basis fails as they do not allege sufficient facts to establish that they share a violation with another aggrieved employee.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiffs' claims are barred because each purported cause of action alleged therein fails to state a cause or causes of action against defendant TrueBlue, Inc. because it did not employ Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiffs David Parson and Brandon Mitchell's claims against SMX, LLC are barred because each purported cause of action alleged therein fails to state a cause or causes of action against defendant SMX, LLC because it did not employ Plaintiffs Parson or Mitchell.

1  **TWENTIETH AFFIRMATIVE DEFENSE**

2      20.     The Complaint is barred, in whole, or in part, because Defendants have at all times

3  acted reasonably and in good faith with respect to their obligations pursuant to Labor Code §§ 226

4  and 1174.

5  **TWENTY-FIRST AFFIRMATIVE DEFENSE**

6      21.     Plaintiffs' claims are barred because of an agreement by Plaintiffs and members of

7  the putative class and/or other "aggrieved employees" to submit any and all disputes with

8  Defendants to binding individual arbitration in accordance with the rules of the American

9  Arbitration Association and the Federal Arbitration Act.

10  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

11      22.     Plaintiffs' representative allegations and/or claims are barred because Plaintiffs

12  agreed to bring any and all disputes as an individual and Plaintiffs waived any right to bring or

13  join a class or representative action.

14  **TWENTY-THIRD AFFIRMATIVE DEFENSE**

15      23.     Plaintiffs' causes of action are "frivolous, unreasonable, or groundless" within the

16  meaning of *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978), and accordingly,

17  Defendants should recover all costs.

18  **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

19      24.     If Plaintiffs are entitled to damages or penalties (and they are not), such amounts

20  are due either wholly or partially to the acts of parties other than Defendants, and thus Defendants

21  would be entitled to indemnification or contribution in an amount representative of each party's

22  degree of fault, if any.

23  **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

24      25.     Plaintiffs' attempts to pursue the claims in this lawsuit as a representative action

25  violate Defendants' state and federal constitutional due process rights.

26  **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

27      26.     Plaintiffs' claims are barred, in whole or in part, by the equitable doctrine of

28  unclean hands.

1            **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

2            27.     Plaintiffs are not entitled to any equitable or injunctive relief as prayed for in the

3    Complaint because Plaintiffs have suffered no irreparable injury based upon any alleged conduct

4    of Defendants, and Plaintiffs have an adequate remedy at law for any such conduct.

5            **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

6            28.     Plaintiffs have no standing to pursue their claims because they have suffered no

7    injury or harm.

8            **TWENTY-NINTH AFFIRMATIVE DEFENSE**

9            29.     Plaintiffs' claims violate due process due to the disparate damages and/or penalties

10   sought in comparison to claims alleged.

11           **THIRTIETH AFFIRMATIVE DEFENSE**

12           30.     Plaintiffs have not and cannot satisfy the requirements of California Code of Civil

13   Procedure section 382.

14           **THIRTY-FIRST AFFIRMATIVE DEFENSE**

15           31.     Plaintiffs' Complaint and each alleged cause of action are barred in whole or in part

16   because Plaintiffs have received all wages to which they has ever been entitled.

17           **THIRTY-SECOND AFFIRMATIVE DEFESE**

18           32.     Some or all of Plaintiffs' claims are barred, in whole or in part, by statutory

19   exclusions, exceptions or credits under California law.

20           **THIRTY-THIRD AFFIRMATIVE DEFENSE**

21           33.     Without admitting the allegations in the Complaint, Defendants allege Plaintiffs'

22   claims are barred in that the alleged practices did not occur and are not unfair in any event, the

23   public would not likely be deceived by the alleged practices, Defendants would gain no

24   competitive advantage by such alleged practices, and the benefits of the alleged practices outweigh

25   any harm or other impact they may cause.

26           **THIRTY-FOURTH AFFIRMATIVE DEFENSE**

27           34.     Plaintiffs' monetary damage claims under California Business and Professions

28   Code §§ 17000 et seq. are barred in their entirety by these very statutes and other legal authority.

1

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

2      35.     Plaintiffs' claims are barred, in whole or in part, because Defendants' business

3   practices are not and were not "unlawful."

4

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

5      36.     Defendants' actions were for legitimate business reasons and were not based upon

6   a violation of public policy or other factors protected by law.

7

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

8      37.     Plaintiffs' allegations that this action should be certified as a class action are barred

9   by Plaintiffs' failure to allege claims sufficient to warrant class certification.

10

11      Because Defendants' investigation is ongoing, Defendants reserve the right to assert

12   additional defenses, if and to the extent Defendants become aware of such defenses.

13

14

### **PRAYER FOR RELIEF**

15   WHEREFORE, Defendants pray for relief as follows:

16      a.     Plaintiffs take nothing by their Complaint;

17      b.     That judgment be entered in favor of Defendants;

18      c.     That Defendants recovers their costs and expenses incurred herein, including

19             reasonable attorneys' fees; and

20      d.     For such other and further relief as the Court deems just and equitable.

21

22   Dated:  January 20, 2016                **ONGARO PC**

23

24                              By:   _____

25                                    DAVID R. ONGARO
                                      AMELIA D. WINCHESTER
26                                    CARA R. SHERMAN
                                      Attorneys for Defendants
27                                    TRUEBLUE, INC. and SMX

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 50 California Street, Suite 3325, San Francisco, CA 94111.

On January 21, 2016, I served a true and correct copy of the documents described as:

**DEFENDANTS TRUEBLUE, INC. AND SMX, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT**

on the interested parties in this action addressed as follows:

| *Counsel for Plaintiffs* | *Counsel for Golden State FC LLC and Amazon.com* |
|---|---|
| Clayeo C. Arnold | |
| Joshua H. Watson | Theresa Mak |
| John T. Stralen | Sacha M. Steenhoek |
| CLAYEO C. ARNOLD, APC | Morgan, Lewis & Bockius LLP |
| 865 Howe Avenue | One Market, Spear Street Tower |
| Sacramento, CA  95825 | San Francisco, CA 94105 |
| Tel:  (916) 777-7777 | Tel: (415) 442-1000 |
| Fax: (916) 924-1829 | Fax: (415) 442-1001 |
| Email:  jwatson@justice4you.com | Email: tmak@morganlewis.com |
| | ssteenhoek@morganlewis.com |
| | |
| | Richard G. Rosenblatt |
| | Joseph A. Nuccio |
| | Morgan, Lewis & Bockius LLP |
| | 502 Carnegie Center |
| | Princeton, NJ 08540-6241 |
| | Tel:  (609) 919-6600 |
| | Fax: (609) 919-6701 |
| | Email: rrosenblatt@morganlewis.com |
| | jnuccio@morganlewis.com |

**SERVICE BY UNITED STATES MAIL:**  I enclosed the documents listed above in sealed envelopes addressed to the persons at the address listed herein and placed the envelopes for collection and mailing following our ordinary business practices. I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 21, 2016, at San Francisco, California.

Kirsten Mikkelsen

# EXHIBIT C

1  DAVID R. ONGARO, State Bar No. 154698
   dongaro@ongaropc.com
2  AMELIA D. WINCHESTER, State Bar No. 257928
   awinchester@ongaropc.com
3  CARA R. SHERMAN, State Bar No. 269343
   csherman@ongaropc.com
4  ONGARO PC
   50 California Street, Suite 3325
5  San Francisco, CA  94111
   Telephone:  (415) 433-3900
6  Facsimile:  (415) 433-3950

7  Attorneys for Defendants
   TRUEBLUE, INC. and SMX, LLC
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  DAVID PARSON and BRANDON            Case No. _____
    MITCHELL, individually, and on behalf of all
14  those similarly situated, and MARIAH    **DEFENDANTS TRUEBLUE, INC.**
    GULLAT as an individual,             **AND SMX, LLC'S NOTICE OF**
15                                        **CONSENT TO REMOVAL OF**
                    Plaintiffs,           **ACTION**
16
            vs.
17  GOLDEN STATE FC LLC, AMAZON.COM,
    INC., TRUEBLUE INC., SMX, and DOES 1
18  through 25, inclusive,

                    Defendants.
19

20

21

22

23

24

25

26

27

28

TO THE HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants TrueBlue, Inc. and SMX, LLC consent to the removal of the above-captioned action to the United States District Court for the Northern District of California pursuant to the Class Action Fairness Act, 28 U.S.C. §§ 1332, 1441, 1446, 1453.

Dated: January 22, 2016

**ONGARO PC**

By: _____

DAVID R. ONGARO
AMELIA D. WINCHESTER
CARA R. SHERMAN
Attorneys for Defendants
TRUEBLUE, INC. and SMX, LLC

DEFENDANTS TRUEBLUE, INC. AND SMX, LLC'S NOTICE OF CONSENT TO REMOVAL

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of San Francisco, State of California.  My business address is 50 California Street, Suite 3325, San Francisco, CA 94111.

On January 22, 2016, I served a true and correct copy of the documents described as:

**DEFENDANTS TRUEBLUE, INC. AND SMX, LLC'S NOTICE OF CONSENT TO REMOVAL OF ACTION**

on the interested parties in this action addressed as follows:

*Counsel for Plaintiffs*

Clayeo C. Arnold
Joshua H. Watson
John T. Stralen
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA  95825
Tel:  (916) 777-7777
Fax: (916) 924-1829
Email:  jwatson@justice4you.com

*Counsel for Golden State FC LLC and Amazon.com*

Theresa Mak
Sacha M. Steenhoek
Morgan, Lewis & Bockius LLP
One Market, Spear Street Tower
San Francisco, CA 94105
Tel: (415) 442-1000
Fax: (415) 442-1001
Email: tmak@morganlewis.com
ssteenhoek@morganlewis.com

Richard G. Rosenblatt
Joseph A. Nuccio
Morgan, Lewis & Bockius LLP
502 Carnegie Center
Princeton, NJ 08540-6241
Tel: (609) 919-6600
Fax: (609) 919-6701
Email: rrosenblatt@morganlewis.com
inuccio@morganlewis.com

**SERVICE BY UNITED STATES MAIL:**  I enclosed the documents listed above in sealed envelopes addressed to the persons at the address listed herein and placed the envelopes for collection and mailing following our ordinary business practices. I am readily familiar with the practice of this business for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 22, 2016, at San Francisco, California.

_____
Kirsten Mikkelsen