UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PARSON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>GOLDEN STATE FC, LLC, et al.,<br><br>    Defendants. | Case No.  16-cv-00405-JST<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: ECF No. 13 |

Before the Court is Defendants' Motion to Dismiss three of the five claims for relief raised in Plaintiffs' Complaint. ECF No. 13. Plaintiffs concede that one of their claims may be dismissed, but oppose the remainder of the motion. ECF No. 22. The Court will grant the motion in part and deny it in part.

## I. BACKGROUND

### A. Factual and Procedural History

Plaintiffs seek to represent a putative class of current and former employees who worked as warehouse workers for the Defendants, Golden State FC, LLC, Amazon.com, Inc., Trueblue Inc, and SMX. ECF No. 1 at 15 ("Complaint"). Plaintiffs allege that Defendants' "business operations are governed by Wage Order 7 of the Department of Industrial Relations ("DIR"), contained at 8 California Code of Regulations § 11070," which applies to all persons employed in the mercantile industry.[1] Id. ¶ 16. That Wage Order requires Defendants to provide "Net 10 minute" rest breaks, which means that "at about the middle point of each work period lasting four hours or major fraction thereof," Defendants must provide "10 minutes of actual paid rest time." Id. ¶¶ 17, 19. Rest breaks must be provided in "suitable resting facilities" and "anything beyond

---

[1] For purposes of deciding this motion, the Court accepts as true the material allegations of the operative complaint. Moyo v. Gomez, 40 F.3d 982, 984 (9th Cir. 1994).

*de minimis* intrusions of the time are not permitted." Id. ¶¶ 18, 19. Plaintiffs allege that "Defendants locate their designated resting facilities at locations that are remote from the work areas, such that employees must walk 2-3 minutes each way" and therefore "[a]bout half of the rest time, or more, is taken up walking to and from the resting area." Id. ¶ 21. This practice "is forbidden by Wage Order 7." Id. Moreover, each and every day Defendants violate the "Net 10 minute break rule," they owe each affected employee one hour of additional pay, and are subject to civil penalties." Id. ¶¶ 23, 24.

Plaintiffs assert the following class definition:

> The class in this matter consists of all current and past employees of Golden State FC, Amazon, TrueBlue, SMX, DOES, and each of them who have worked one or more shifts of more than three and one half hours at an Amazon Fulfillment Center in California as a warehouse associate, picker, unloader, packer, or substantially similar position within the past four years of the date of filing of this Complaint. The class contains the following subclasses: (1) Former employees of Golden State FC and/or Amazon, who are entitled to additional relief of payments for waiting time for unpaid wages after termination; (2) Existing employees of any defendant, who are entitled to additional relief of injunctive relief; (3) Existing or former employees of any defendant, who are entitled to restitution and/or damages of unpaid wages arising from violation of rest break rules, as alleged herein.

Id. ¶ 27.

They bring five causes of action: (1) unlawful denial of rest breaks, in violation of 8 CCR § 11070(12)(A) and related statutes; (2) failure to timely pay wages in violation of 8 CCR § 11070(12), Cal. Lab. Code § 204, and related statutes; (3) failure to provide accurate pay stubs in violation of Cal. Lab. Code § 226 and related statutes; (4) unfair business practices in violation of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200; and (5) failure to pay wages timely (waiting time) in violation of Cal. Lab. Code § 203 and related statutes. Id. ¶¶ 35-61.

Defendants removed the case from Alameda County Superior Court to this Court. ECF No. 1. They filed their Motion to Dismiss on January 29, 2016. ECF No. 13. Although not labeled as such, Defendants' motion also asks the Court to strike portions of the complaint. Id. at 2. Plaintiffs filed their response on February 26, 2016, ECF No. 22, and Defendants replied on March 4, ECF No. 23. Following a hearing on the motion, the Court granted Plaintiffs leave to file a surreply in regards to the legal issues surrounding their section 204 claims.

### B. Jurisdiction

This Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) because Plaintiffs' claims place in controversy an amount exceeding $75,000 and the opposing parties are of diverse citizenship. The Court also has jurisdiction over this matter under 28 U.S.C. § 1332(d) because it is a class action involving a putative class of more than 100 individuals, at least one of whom is a citizen of a state other than Defendants, and it places in controversy a total amount exceeding $5,000,000. Finally, venue is proper in this Court because this action was removed from a state court within this federal district.

## II. LEGAL STANDARD

### A. Motions to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

### B. Motions to Strike

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . ." Whittlestone, Inc. v. Handi–Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (internal quotation marks and citation omitted). Motions to strike are generally disfavored, and should typically be denied "unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of

the litigation." Rosales v. Citibank, Fed. Sav. Bank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). "Any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike." In re Wal–Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609, 614 (N.D. Cal. 2007).

### III. DISCUSSION

The crux of Plaintiffs' claims revolve around Defendants' alleged failure to provide proper rest breaks, and they seek wage premiums imposed by California law for this failure. See 8 CCR § 11070(12) ("If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."); see also Cal. Lab. Code § 226.7(c). Defendants do not challenge Plaintiffs' claim under section 226.7 itself, but argue that three of Plaintiffs' derivative claims based on these alleged 226.7 violations should be dismissed. More specifically, they argue: (1) Plaintiffs' second claim under California Labor Code section 204 should be dismissed because there is no private right of action for an alleged section 204 violation, and also because wage premiums awarded under section 226.7 are not "wages for labor performed"; (2) Plaintiffs' fifth claim under section 203 should be dismissed because section 203 does not allow recovery for "wages" obtained as a premium or penalty; and (3) Plaintiffs' fourth claim under the UCL should be dismissed because the UCL provides only for restitution, not damages. ECF No. 13 at 4-9.

Plaintiffs do not oppose dismissal of their fifth claim under section 203 and their putative subclass based on that claim.[2] The Court therefore grants Defendants' motion without prejudice as to that claim. It addresses Defendants' remaining two arguments below.

### A. Section 204

Plaintiffs' second claim relies on California Labor Code section 204, which establishes that wages must generally be paid on a semimonthly schedule. Complaint ¶¶ 42-45; see also Cal. Lab. Code § 204(a). "The remedy for a violation of section 204 is found under section 210," which

---

[2] Though Defendants request that this subclass be stricken rather than dismissed, the Court does not conclude it is necessary to strike any portion of the pleading.

provides for civil penalties. Byrd v. Masonite Corp., No. EDCV 16-35 JGB (KKX), 2016 WL 756523, at *7 (C.D. Cal. Feb. 25, 2016). More specifically, that section provides for a penalty of $100 for "any initial violation' for "each failure to pay each employee" as provided in section 204, and for "each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld." Cal. Lab. Code § 210.

In their motion, Defendants argue that there is no private right of action for a section 204 violation. ECF No. 5-6. Plaintiffs acknowledge that this is true, but note they have alleged that they are bringing these claims under the Private Attorney General Act ("PAGA"), which allows aggrieved employees who follow a specified procedure to recover penalties otherwise owed to the Labor and Workforce Development Agency. ECF No. 22; see also Cal. Lab. Code § 2699. Defendants do not dispute this point, but respond that Plaintiffs cannot support a PAGA action under section 204 because they do not seek wages for "labor performed." ECF No. 23 at 2-3. They contend that Plaintiffs instead seek "premiums" for failure to provide rest breaks under section 226.7, and that these premiums should not be considered as "wages for labor performed."

### 1.     Relevant Law

Though it went unmentioned by both parties in their briefing, the Court noted at the motion hearing that the question of whether premiums awarded under section 226.7 may be considered wages has been extensively addressed by two California Supreme Court cases, Murphy v. Kenneth Cole Prods., Inc., 40 Cal. 4th 1094 (2007), and Kirby v. Immoos Fire Prot., Inc., 53 Cal. 4th 1244 (2012), as well as several federal court decisions that have split in their interpretation of these two cases. Moreover, because Defendants did not raise their substantive challenge to the section 204 claims until their reply, the Court granted Plaintiffs leave to submit a surreply on this issue. See ECF No. 26. The surreply briefly summarized Murphy and Kirby and a single district court case, Brewer v. Gen. Nutrition Corp., No. 11-CV-3587 YGR, 2015 WL 5072039 (N.D. Cal. Aug. 27, 2015), which had been cited by the Court to the parties at the motion hearing as an example of the existing split on the issue.

The Court therefore begins its analysis with its own review of the available case law. In

5

Murphy, the California Supreme Court was presented with the question of whether the payments owed under section 226.7 should be considered wages[3] or penalties under the Labor Code, as the applicable statute of limitations differed based on this classification. Murphy, 40 Cal. 4th 1094 at 1110. Examining both the language and the legislative history of the section, the court held that the payments were properly considered as wages. Id. at 1111. Though it acknowledged that part of the goal of the imposition of payments was to deter employer violations, it concluded that "whatever incidental behavior-shaping purpose section 226.7 serves, the Legislature intended section 226.7 first and foremost to compensate employees for their injuries." Id. at 1110-11. "This conclusion is consistent with our prior holdings that statutes regulating conditions of employment are to be liberally construed with an eye to protecting employees." Id. at 1111. It also explicitly rejected the contention that the payments under section 226.7 should not be considered wages because they were awarded without reference to the "actual damage," or the actual amount of labor performed by the employee in violation of California law. Id. at 1112. The Murphy court referred to overtime pay, reporting-time pay, and split shifts, and noted that "[e]ach of these forms of compensation, like the section 226.7 payment, uses the employee's rate of compensation as the measure of pay and compensates the employee for events other than time spent working." Murphy, 40 Cal. 4th at 1113. For example, "[a]n employee working nine hours already receives his or her normal wage for that ninth hour." Id. However, "the Legislature may select a set amount of compensation without converting that remedy into a penalty." Id. at 1112.

Five years later, in Kirby, the California Supreme Court addressed the related question of whether an action to recover payments under section 226.7 should be considered an "action brought for the nonpayment of wages" under Cal. Lab. Code § 218.5, which authorizes the award of attorneys' fees for such actions. Kirby, 53 Cal. 4th at 1255. It held that a section 226.7 action "is not an action brought for nonpayment of wages; it is an action brought for non-provision of meal or rest breaks." Id. at 1257. "An employer's failure to provide an additional hour of pay

---

[3] The Court referred to the definition of wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other methods of calculation." Murphy, 40 Cal. 4th at 1103 (citing Cal. Lab. Code § 200(a)).

does not form part of a section 226.7 violation, and an employer's provision of an additional hour of pay does not excuse a section 226.7 violation." Id. at 1256. Rather, "[t]he failure to provide required meal and rest breaks is what triggers a violation of section 226.7." Id. at 1257-58. The California Supreme Court further stated that this conclusion "is not at odds with our decision in Murphy." It explained that Murphy was concerned with the classification of the *remedy* for section 226.7 violations – the additional hour of wages – but that "[t]o say that a section 226.7 remedy is a wage, however, is not to say that the *legal violation* triggering the remedy is nonpayment of wages." Id.

Many federal district courts in the state have grappled with these two opinions while addressing the question of whether payments under section 226.7 are "wages" for the purpose of California Labor Code sections that govern an employer's payment of wages, such as section 203, which requires the immediate payment of wages due at the time of discharge, or section 226(a), which requires regular and accurate wage statements. As noted, there is a split in the decisions on this issue. See Brewer v. Gen. Nutrition Corp., No. 11-CV-3587 YGR, 2015 WL 5072039, at *18 (N.D. Cal. Aug. 27, 2015) (listing cases on each side of the split, and concluding that the payments should be considered wages)[4]; Singletary v. Teavana Corp., No. 5:13-CV-01163-PSG, 2014 WL 1760884, at *4 (N.D. Cal. Apr. 2, 2014) (noting "the case law on this question is murky at best," and concluding the payments should not be considered wages).

### 2. Application to Section 204

Although not all of the foregoing cases address section 204, their reasoning applies to the analysis here. Section 204 requires employers to pay their employees bimonthly – much like section 226(a), for example, requires employers provide semimonthly, accurate wage statements.

After reviewing the relevant case law, the Court concludes that the payments required by

---

[4] The cases identified by Brewer are Finder v. Leprino Foods Co., No. 1:13–CV–2059 AWI–BAM, 2015 WL 1137151, at *5 (E.D. Cal. Mar. 12, 2015); Abad v. Gen. Nutrition Centers, Inc., No. SACV 09–00190–JVS, 2013 WL 4038617, at *3–4 (C.D. Cal. Mar. 7, 2013); Avilez v. Pinkerton Gov't Servs., 286 F.R.D. 450, 465 (C.D. Cal. 2012), holding that the payments are wages, and Singletary v. Teavana Corp., No. 5:13–CV–01163–PSG, 2014 WL 1760884, at *4 (N.D. Cal. Apr. 2, 2014) and Jones v. Spherion Staffing LLC, No. LA CV11–06462 JAK, 2012 WL 3264081, at *9 (C.D. Cal. Aug. 7, 2012), holding that the payments are not wages. 2015 WL 5072039 at *18.

1   section 226.7 should be considered wages, and that Plaintiffs may therefore bring a derivative
2   claim under section 204. As Kirby itself explains, Murphy addresses whether the *remedy*
3   available under section 226.7 is a wage, while Kirby addresses whether the *legal violation* defined
4   by section 226.7 is for nonpayment of wages. Put another way, although an employee who
5   successfully brings a section 226.7 claim is challenging a failure to provide rest breaks, the
6   remedy for that failure is additional wages. Under section 204, employers are required to provide
7   all wages to their employees bimonthly. Nothing in Murphy or Kirby suggests that wages
8   awarded under section 226.7 be treated any differently than other wages earned by the employee.
9   Accordingly, there is no reason to assume that the employee should not be entitled the same
10  protections for these wages than any others. Bellinghausen v. Tractor Supply Co., No. C-13-
11  02377 JSC, 2014 WL 465907, at *8 (N.D. Cal. Feb. 3, 2014) ("If an employee is entitled to the
12  additional hour of pay "immediately" upon being forced to miss a rest or meal period, it appears
13  inconsistent to conclude that an employee is not also immediately entitled to have the additional
14  hour of pay documented on their wage statements and timely paid upon termination or
15  resignation.").

16  Defendants argue that section 204 should not apply because the extra wages due were not
17  earned for "labor performed." ECF No. 23 at 2-3. As noted above, the Murphy court considered
18  and rejected the same contention. See 40 Cal. 4th at 1112-13. Defendants also cite to the case of
19  Singletary v. Teavana Corp., No. 5:13–CV–01163–PSG, 2014 WL 1760884 (N.D. Cal. Apr. 2,
20  2014). The Singletary court held that the payments imposed by section 226.7 were not wages for
21  the purpose of section 203. It concluded that the language of section 203, which attaches "if an
22  employer willfully fails to pay any wages of an employee" who is discharged or quits,
23  demonstrates that "the wrong Section 203 is concerned with is the prompt payment of wages to a
24  terminated employee." Id. at *4. It then turned to Kirby's conclusion that "the wrong at issue in
25  Section 226.7 is the non-provision of rest breaks, not a denial of wages." Id. "As such, this case
26  falls under Kirby's characterization of Section 226.7's payment as penalties, not wages." Id.

27  This Court is not persuaded by Singletary's reasoning. It is true that the violation
28  described in section 203 – and likewise, section 204 – is concerned with the improper payment of

wages, while the violation described in section 226.7 is not. However, it is unclear why this distinction resolves the issue. If the amounts due are classified by law as wages and are not properly paid to the employee under the applicable Labor Code section, the employer has presumably committed a violation – regardless of whether the wages are owed to the employee due to hours of labor, additional overtime pay, an award under California law, or some other reason.

The Court is also not persuaded by the reasoning offered by Jones v. Spherion Staffing LLC, No. LA CV11-06462 JAK, 2012 WL 3264081, at *9 (C.D. Cal. Aug. 7, 2012). The Jones court contended that "a finding that section 226.7 violations can form the basis for claims under section 226 and section 203 would result in an improper, multiple recovery by the employee." Id. It offered an example that "if any employee was forced to return from lunch one minute early and was not paid the meal period premium under Section 226.7(b)," that employee would be entitled not only to one hour of pay under section 226.7, but also 30 days wages under section 203, additional awards under PAGA, and potential actual damages under section 226. Id. Yet, as noted in the subsequent case of Bellinghausen v. Tractor Supply Co., No. C-13-02377 JSC, 2014 WL 465907, at *8 (N.D. Cal. Feb. 3, 2014), "the 'double recovery' scheme identified in *Jones* appears no different from what an employee would be entitled to for an employer's failure to pay and properly document overtime or minimum wages." Indeed, this appears to "simply be an accurate depiction of an employer's liability under the Labor Code." Id.

In sum, the Court concludes that the payments awarded under section 226.7 are properly classified as wages for the purpose of section 204. Defendants' motion to dismiss Plaintiffs' second claim is denied.

**B.   UCL Claims**

Plaintiffs' fourth cause of action is brought under the UCL, and seeks "injunctive relief within the discretion of the court, including but not limited to an order that Defendants amend their business practices to comply unambiguously with the Net-10 rest break rules, to make payment of statutory wages where the break rules are violated, and to provide clear paystubs that indicate any wages due from Net-10 rest break violations or similar Labor Code violations." Id. ¶

56.

Defendants contend that the UCL claim must be stricken because the UCL provides only for injunctive relief and restitution, and "damages are not recoverable." ECF No. 13 at 9 (quoting Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144 (2003)). They further contend that wages and civil penalties imposed for an alleged failure to provide rest breaks are not restitution, but rather are premiums or penalties for failure to provide those breaks. Id.; see also ECF No. 23 at 4.

"While the scope of conduct covered by the UCL is broad, its remedies are limited, and '[p]revailing plaintiffs are generally limited to injunctive relief and restitution.'" Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1144, 63 P.3d 937 (2003) (quoting Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal. 4th 163, 179 (1999)). In Cortez v. Purolator Air Filtration Products Co., 23 Cal. 4th 163, 173 (2000), the California Supreme Court addressed the question of whether, and when, damages of unpaid wages may be considered restitution under the UCL. It noted that "'[d]amages,' as that term is used to describe monetary awards, may include a restitutionary element," giving the example of damages for money fraudulently taken from a plaintiff. Id. at 174. It held that an order for payment of overtime wages unlawfully withheld from an employee can "also constitute[] a restitutionary remedy." Id. at 177. "[E]arned wages that are due and payable . . . are as much the property of the employee who has given his or her labor to the employer in exchange for that property as is property a person surrenders through an unfair business practice." Id. at 178.

At the outset, the Court notes that Plaintiffs request injunctive relief requiring Defendants to change their practices, in addition to "payment of statutory relief." Complaint ¶ 56. Because injunctive relief is available under the UCL, the Court cannot dismiss or strike the claim in its entirety, as Defendants request. What is less clear is whether Plaintiffs may base a UCL claim on the wages and penalties imposed for a failure to provide rest breaks. As already discussed, Plaintiffs allege that Defendants owe each affected employee for each improper rest break (1) one hour of additional pay and (2) civil penalties. Complaint ¶¶ 23-24; see also 8 CCP § 11070; Cal. Labor Code § 226.7. It is these two forms of relief that Defendants contend cannot be recovered

10

under the UCL.

Plaintiffs do not appear to dispute that the civil penalties imposed under California law are unrecoverable under the UCL, as they seek to contrast those penalties with the owed wages. ECF No. 22 at 5. They argue because the latter are referred to as "wages" and not "penalties," they should be considered as unpaid earned wages recoverable under the UCL.[5] Id. The remaining question, therefore, is whether the wages imposed by 8 CCP § 11070 and Cal. Labor Code § 226.7 should be considered restitution.

The Court concludes that these wages do not constitute restitution for the purposes of the UCL. Though the California Supreme Court does not appear to have addresses this question in relation to section 226.7, it held in Pineda v. Bank of America, N.A., 50 Cal. 4th 1389, 1401 (2010) that similar wages awarded pursuant to section 203 were not restitution under the UCL. Section 203(a) provides that if an employer does not timely pay all wages due to an employee who is discharged or quits, "the wages of the employee shall continue as a penalty" for up to 30 days. Id. (quoting Cal. Lab. Code § 203(a)). Contrasting the award of these wages with the unpaid overtime wages discussed in Cortez, the court explained that wages awarded under section 203 "would not 'restore the status quo by returning to the plaintiff funds in which he or she has an ownership interest.'" Id. (quoting Korea Supply, 29 Cal. 4th at 1149)). While "it is the employers' action (or inaction) that gives rise to section 203 penalties," the unpaid wages identified in Cortez "arise[] out of *the employees'* action, i.e., their labor." Id.

Pineda's reasoning is equally applicable to section 226.7. Both section 203(a) and section 226.7 impose awards of additional wages if an employee violates the provision. Much like under section 203(a), wages awarded for failure to provide rest breaks under section 226.7 would not be earned by the "employee who has given his or her labor to the employer in exchange for that property." Cortez, 23 Cal. 4th at 173. Thus, Defendants' motion to dismiss Plaintiffs' UCL claim in regards to the wages or penalties owed under 8 CCP § 11070 and Cal. Lab. Code § 226.7 is

---

[5] Plaintiffs also dedicate a portion of their brief to arguing that the UCL claim should operate with a statute of limitations of four years rather than three. ECF No. 22 at 4-5. This issue is not in dispute: Defendants raised the issue of statute of limitations only in relation to the section 203 claim, which has already been dismissed. See ECF No. 13 at 8.

granted.

## CONCLUSION

The motion is granted in part and denied in part.  The motion to dismiss Plaintiffs' second claim under Cal. Lab. Code § 204 is denied.  The motion to dismiss Plaintiffs' fourth claim under the UCL is granted without prejudice, but only to the extent that it seeks wages and penalties owed under 8 CCP § 11070 and Cal. Labor Code § 226.7.  The motion to dismiss Plaintiffs' fifth claim under Cal. Lab. Code § 203, and the accompanying subclass, is granted without prejudice.  An amended pleading may be filed within 14 days of the date of this order.

**IT IS SO ORDERED.**

Dated:  May 2, 2016

_____
JON S. TIGAR
United States District Judge